UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| PHOENIX VERSAILLES INDUSTRIAL INVESTORS LLC, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 5: 23-196-DCR |
| V. | ) ) | |
| BOURBON PALLET DREAMS, L.L.C., et al., | ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Phoenix Versailles Industrial Investors LLC has submitted a Bill of Costs and has moved for attorney fees in response to a favorable Default Judgment entered January 25, 2024. [Record Nos. 25, 26] The plaintiff served the Bill of Costs on the defendants pursuant to Local Rule 54.3 on February 2, 2024.[1] [Record No. 25] The expenses sought to be recovered by the plaintiff include fees of the Clerk ($402.00) and fees for service of summons and subpoena ($335.00). The plaintiff's Motion for Attorney's Fees seeks $12,956.50 for counsel's representation in connection with this matter. The motion is accompanied by an affidavit from counsel and an accounting of hours billed. [Record No. 26-1]

---

[1]   Local Rule 54.3 provides that a "prevailing party must file a Bill of Costs with the Clerk *and serve a copy of the Bill on each adverse party* within (30) days of entry of judgment." LR 54.3 (emphasis added). In contrast to the Local Rule, Federal Rule of Civil Procedure 5(a)(2) holds that "[n]o service is required on a party who is in default for failing to appear." And because Local Rules must be consistent with the Federal Rules, the dictate of the latter must prevail. Fed. R. Civ. P. 83(a)(1). While service was not required in this matter, the defendants were nonetheless afforded an opportunity to respond.

The Bill of Costs will be approved in the amount of $402.00 because fees of the Clerk are taxable pursuant to 28 U.S.C. § 1920(1). The plaintiff's requested fees for service of summons and subpoena, however, are not taxable because they were accrued using a private process server.[2] The Motion for Attorney's Fees will be granted.

## I.

Costs that courts may tax under Rule 54(d)(1) are confined to those itemized in 28 U.S.C. § 1920, absent an explicit statutory instruction otherwise. *See, e.g.*, *Rimini St., Inc. v. Oracle USA, Inc.*, 139 S. Ct. 873, 878 (2019) ("[F]ederal courts are limited to awarding the costs specified in §§ 1821 and 1920. If, for particular kinds of cases, Congress wants to authorize awards of expenses beyond the six categories specified in the general costs statute, Congress may do so."); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) ("Because taxable costs are limited by statute and are modest in scope, we see no compelling reason to stretch the ordinary meaning of the cost items Congress authorized in § 1920."); *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("Any argument that a federal court is empowered to exceed the limitations explicitly set out in §§ 1920 and 1821 without plain evidence of congressional intent to supersede those sections ignores our longstanding practice of construing statutes *in pari materia*.").

The discretion that Rule 54(d)(1) gives courts is only discretion to decline requests for costs, not discretion to award costs not enumerated in § 1920. *Crawford Fitting*, 482 U.S. at 441–42.

---

[2]    The plaintiff has tendered a receipt from On Time Attorney Services LLC, a private limited liability company headquartered in Dayton, Ohio. [Record No. 25, p. 4]

## II.

Congress has expressly authorized fees of the Clerk to be taxed pursuant to 28 U.S.C. § 1920(1). Likewise, the statute permits the recovery of fees of the marshal, including those associated with service of process. 28 U.S.C. § 1920(1); *see also* § 1921(a)(1).[3] But the Sixth Circuit has also held in an unpublished opinion that "a district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees." *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002). In reaching this conclusion, the court adopted the Seventh Circuit's reasoning that, "[f]rom the losing litigant's perspective, it is irrelevant who delivers the papers, provided the total outlays do not exceed what the marshal would have charged." *Id.* (quoting *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). But subsequent binding decisions of the Sixth Circuit and United States Supreme Court cast serious doubt regarding the continued viability of *Arrambide*.

Two years after the Supreme Court decided *Taniguchi*, the Sixth Circuit was again tasked with determining the scope § 1920. *See Colosi v. Jones Lang LaSalle Americas, Inc.*, 781 F.3d 293 (6th Cir. 2015). At issue was § 1920(4), which authorizes courts to tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." The court was tasked with determining "whether imaging a hard drive, or other physical storage device, falls within the ordinary meaning of 'making copies.'" *Id.* at 296. The court

---

[3]     "The United States marshals or deputy marshals shall routinely collect, and a court may tax as costs, fees for the following: (A) Serving a writ of possession, partition, execution, attachment in rem, or libel in admiralty, warrant, attachment, summons, complaints, or any other writ, order or process in any case or proceeding."

referenced a Third Circuit opinion which construed the phrase "making copies" in light of historical context and the Supreme Court's traditionally narrow reading of § 1920. *See Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158, 166–72 (3d Cir. 2012). In doing so, the Third Circuit found only that which qualified as "the functional equivalent of 'making copies'" could be properly taxed. *Id.* at 171 & n. 11.

The Sixth Circuit rejected this "functional equivalent" approach, criticizing its sister circuit for ignoring § 1920's plain text. *Colosi*, 781 F.3d at 297. It instead relied upon the ordinary meaning of the text while reiterating the Supreme Court's recent guidance. *Id.* at 297–98 (noting the *Taniguchi* Court's process of "beginning its interpretation of § 1920 with the ordinary meaning of words before examining statutory context").

## III.

The text of § 1920(1) provides that a court may tax as costs "[f]ees of the clerk and marshal." It is unclear how the *Arrambide* court's adopted reasoning that "it is irrelevant who delivers the papers," is any different from the "functional equivalent" rationale that the Sixth Circuit has since criticized. Despite the relevant provision being comprised of only six words, it remains the Court's duty "to give effect, if possible, to every clause *and word* of a statute." *Duncan v. Walker*, 533 U.S. 167, 174 (2001) (quoting *Montclair v. Ramsdell*, 107 U.S. 147, 152 (1883)) (emphasis added). And "[b]ecause words are to be given the meaning that proper grammar and usage would assign them, the rules of grammar govern statutory interpretation unless they contradict legislative intent or purpose." *Nielsen v. Preap*, 139 S. Ct. 954, 965 (2019) (cleaned up).

## A.

The Court's first observation of § 1920(1) is its use of the preposition "of".  The Supreme Court has repeatedly highlighted the potential significance of preposition use in statutory interpretation.  *See, e.g.*, *County of Maui v. Haw. Wildlife Fund*, 140 S. Ct. 1462, 1480 (2020) (Thomas, J., dissenting) ("The prepositions 'from' and 'to' reinforce this reading."); *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 716 (2018) ("For our purposes, then, the key word in the statutory phrase is the preposition 'respecting,' . . . ."); *Early v. Homans*, 57 U.S. (16 How.) 610, 617 (1853) ("The preposition 'for' means of itself duration, when it is put in connection with time, and, as all of us use it in that way in our everyday conversation, it cannot be presumed that the legislator, in making this statute, did not mean to use it in the same way.").

Section 1920(1)'s use of the prepositional phrase, "of the clerk and marshal," denotes ownership or possession.  The objects of the preposition, "the clerk and marshal," are modifying the nature of the fees in question.[4]  This appears to be an intentional grammatical choice employed by Congress.  Throughout § 1920, "of" is used in each instance in which the object of the preposition is a discrete person or group of people.  *See* 28 U.S.C. § 1920(1), (6).  In contrast, the statute provides that fees are taxable "for" certain conduct or items (e.g., transcripts, printing, making copies, etc.).  *See* 28 U.S.C. § 1920(2)–(4).[5]  So the text of the

---

[4]     This provision could also be articulated using the possessive noun form: *the clerk's fees and the marshal's fees*.

[5]     The text of 28 U.S.C. § 1920(5) discussed fees "under" § 1923.  The fees listed therein can again be grouped as being costs "of" persons (e.g., "fees of United States attorneys and United States Trustees) or costs "for" certain conduct (e.g., "costs for printing").  *See* 28 U.S.C. § 1923(b)–(c).

statute appears to draw a distinction between fees "of" a person or persons and those "for" a specified purpose.

The *Arrambide* court's reading of § 1920(1) effectively rewrites the provision to presuppose Congress's underlying intent targeted services rendered rather than persons identified. But this interpretation ignores the statute's clear grammatical and syntactical distinctions. By disregarding this seemingly intentional nuance, the *Arrambide* court strayed from the text to treat a private process server as "the functional equivalent" of the marshal— an extratextual approach the Sixth Circuit has subsequently criticized.

## B.

Section 1920's use of definite and indefinite articles provides further support for the Court's view. Use of the definite article "the" followed by a singular noun indicates that the identity of the noun is discrete and certain. The Supreme Court has repeatedly acknowledged this principle of statutory interpretation. *See, e.g.*, *Niz-Chavez v. Garland*, 593 U.S. 155, 166 (2021) (observing that the statute "seems to speak of the charging document as a discrete thing, using a definite article with a singular noun ('the notice')."); *Cochise Consultancy, Inc. v. Hunt*, 139 S. Ct. 1507, 1514 (2019) ("[Section] 3731(b)(2)'s use of the definite article 'the' suggests that Congress did not intend for any and all private relators to be considered 'the official of the United States.'"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("The consistent use of the definite article in reference to the custodian indicates that there is generally only one proper respondent . . . .").

The statute does not refer to unidentified "clerks or marshals," but "the clerk" and "the marshal."[6]  An ordinary reading of § 1920(1) establishes that fees for service of summons and subpoena are only taxable when they are initially paid to one of two specified officers of the court: the clerk or the marshal.  Expanding the ordinary meaning of the text to encompass fees paid to those who provide comparable private services (i.e., functional equivalents) would require this Court to ignore the ordinary meaning and usage of words while undermining the Supreme Court's traditionally narrow reading of § 1920.

### C.

Some circuits in resolving this issue have justified their departure from the text by highlighting changes to the role of the United States Marshal.  *See, e.g.*, *Alflex Corp. v. Underwriters Lab'ys, Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) ("Now that the Marshal is no longer involved as often in the serving of summonses and subpoenas, the cost of private process servers should be taxable under 28 U.S.C. § 1920(1).")  But the undersigned must respectfully disagree.

Since its codification in 1948, § 1920 has been amended on two separate occasions.[7]  And despite the most recent amendment taking place nearly thirty years after the relevant changes were made to Rule 4,[8] Congress chose not to alter the text of § 1920(1).  Just as an act

---

[6]     The sole "the" in § 1920(1) serves as an implied definite article for "marshal."

[7]     *See* Court Interpreters Act of 1978, Pub. L. No. 95-539, 92 Stat. 2040; Judicial Administration & Technical Amendments Act of 2008, Pub. L. No. 110-406, 122 Stat. 4291.

[8]     *See* Federal Rules of Civil Procedure Amendments Act of 1982, Pub. L. No. 97-462, 96 Stat. 2527.

of Congress modified the duties of the United States Marshal, so too is one required to give new meaning to the plain text of § 1920(1).

### IV.

This decision pays homage to an important principle elucidated by the Supreme Court in *Niz-Chavez*: "At one level, today's dispute may seem semantic, focused on a single word, a small one at that. But words are how the law constrains power."  593 U.S. at 172.  That principle holds true whether the power being constrained is that of the Executive or the Judiciary.  The decision to treat private process servers as a taxable expenditure under Rule 54(d)(1) is a task that falls squarely within the purview of Congress.  Regardless of the wisdom of such a determination, it is not this Court's to make.

Having reviewed the matter and being sufficiently advised, it is hereby

**ORDERED** as follows:

1.      The plaintiff's Bill of Costs [Record No. 25] is **APPROVED** in the amount of $402.00 for the reasons set forth in this Memorandum Opinion and Order.

2.      The plaintiff's Motion for Attorney's Fees [Record No. 26] is **GRANTED**.  The plaintiff is awarded attorney's fees of $12,956.50 under Rule 54(d)(2).

3.      The plaintiff is directed to serve a copy of this Memorandum Opinion and Order on the defendants in a manner that complies with Rule 5 of the Federal Rules of Civil Procedure and constitutional notice requirements.

Dated: February 7, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky